**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                   No. CR 11-0543 JB

TAYDE HERNANDEZ,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Objections to the Pre-Sentence Report, filed August 2, 2011 (Doc. 38)("Objections"). The Court held a sentencing hearing on October 3, 2011. The primary issue is whether the Court should sustain Defendant Tayde Hernandez' Objections to the statements concerning his financial condition contained in the Presentence Investigation Report ("PSR"). Because the United States Probation Office ("USPO") disclosed an addendum to the PSR which addressed Hernandez' Objections, the Court will overrule the Objections as moot and will sentence Hernandez to 37-months imprisonment.

**PROCEDURAL BACKGROUND**

On February 4, 2011, a federal grand jury indicted Hernandez on one count of unlawfully, knowingly, and intentionally possessing with intent to distribute a controlled substance, 500 grams and more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). See Redacted Indictment, filed February 4, 2011 (Doc. 18). On May 11, 2011, Plaintiff United States of America charged Hernandez in an Information with unlawfully, knowingly, and intentionally possessing with intent to distribute a controlled substance,

a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  See Doc. 31.  On May 11, 2011, Hernandez pled guilty to the Information.  See Plea Agreement ¶ 3, at 2, filed May 11, 2011 (Doc. 34).  In the Plea Agreement, the parties stipulate that at least 400 grams but less than 500 grams were attributable to Hernandez and that his base offense level under the sentencing guidelines should be 24.  See Plea Agreement ¶ 10(a), at 6.  The parties also stipulate that U.S.S.G. § 2D1.1(b)(1), which provides that, if a dangerous weapon was possessed in connection with the drug offense, a 2-level enhancement is applicable, does not apply to Hernandez.  See Plea Agreement ¶ 10(c), at 7.  Hernandez also agrees not to seek a variance or departure from the applicable guideline range, in recognition of the substantial benefit that the Plea Agreement provides.  See Plea Agreement ¶ 10(d), at 7.

On July 14, 2011, the USPO disclosed a PSR for Hernandez.  The PSR calculates Hernandez' base offense level as 24 pursuant to U.S.S.G. § 2D1.1(c)(8).  See PSR ¶ 24, at 8.  The PSR applies a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  See PSR ¶ 31, at 9.  The PSR calculates Hernandez' total offense level as 21.  See PSR ¶ 32, at 9.  The PSR assigns Hernandez a criminal history category of I, based on 0 criminal history points.  See PSR ¶ 35, at 10.  A total offense level of 21 and a criminal history category of I results in an guideline imprisonment range of 37 to 46 months.  See PSR ¶ 63, at 18.

On August 2, 2011, Hernandez filed his Objections[1] to the PSR.  Hernandez objected to the portion of paragraph 58 pertaining to his financial condition, because paragraph 58 lists his total assets as $4,500.00, but the figure does not include the equity in his residence or interest in a lot

---

[1] Hernandez referred to his "Objections to the Pre-Sentence Report," however, all three of his objections went to the same paragraph, paragraph 58, and were regarding his financial condition. See Objections at 1-2.

adjoining his residence, which he calculates are together worth $135,000.00.  See Objections ¶ 1, at 1.  Hernandez also objects to the calculation of his liabilities.  See Objection ¶ 2, at 1.  Hernandez argues that the HSBC/YMAHA[2] liability of $15,000.00 is overstated, because the actual indebtedness on the motorcycle for which Hernandez co-signed was $4,960.64, as of July 12, 2011.  See Objections ¶ 2, at 1.  Hernandez objects that the $4,900.00 liability owed to Discovery Financial Services, LLC has been paid off.  See Objections ¶ 3, at 1.  Finally, Hernandez disputes that he has an indebtedness to Chase Bank in the amount of $29,462.00.  See Objections ¶ 3, at 1-2.  Hernandez believes that figure is the result of mistaken identity or bank error, because he has never had a loan or credit card with Chase Bank.  See Objections ¶ 3, at 1-2.

On August 19, 2011, the USPO disclosed an Addendum to the PSR ("Addendum").  In the Addendum, the USPO responded to Hernandez' Objections.  The Addendum included the information regarding Hernandez' real estate, the HSBC/YMAHA liability, the Discovery Financial Services liability, and Chase Bank liability.  See Addendum at 1-3.

The Court held a sentencing hearing on October 3, 2011.  At the hearing, Hernandez stated that the Addendum satisfied and incorporated his objections.  See Transcript of Hearing at 3:23-25 (October 3, 2011)(Gorence)("Tr.").[3]  Hernandez stated that he had no further objections, because all the information had been corrected.  See Tr. at 4:1-3 (Court, Gorence).  The United States then moved for a third-level reduction in Hernandez' total offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  See Tr. at 4:4-15 (Court, Meyers, Gorence).  The Court then asked

---

[2]The PSR does not explain what HSBC/YMAHA means.  See PSR ¶ 58, at 15-16.  The Court gathers that HSBC refers to HSBC bank and that YMAHA refers to Yamaha Corporation because this liability is in relation to a Yamaha motorcycle.  See Objections ¶ 2, at 1.

[3]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

for the basis for the stipulation that the enhancement set forth in U.S.S.G. § 2D1.1(b)(1) did not apply. See Tr. at 4:16-23 (Court). The United States represented that there was no basis for asserting that the firearms were possessed in connection with the drug transaction. See Tr. at 5:8-13 (Meyers). Hernandez argued that the facts would not establish that the firearms were connected to the drug transaction, even by a preponderance of the evidence, because of their location. See Tr. at 5:21-22 (Gorence). Hernandez asserted that he was never in close proximity to the firearms. See Tr. at 5:24-25 (Gorence). Hernandez stated that the guns are lawfully possessed by a United States citizen and were used to protect the restaurant he owned. See Tr. at 5:25-6:6 (Gorence). The Court then accepted the stipulation and granted the third level for acceptance of responsibility. See 6:18-20 (Court).

## ANALYSIS

At the October 3, 2011, Hernandez stated that the Addendum to the PSR satisfied and incorporated his objections. See Tr. at 3:23-4:3 (Court, Gorence). The Court will thus overrule Hernandez' Objections as moot, because the Addendum has addressed his concerns. The Court has reviewed the PSR and Addendum with care. There not being any remaining objections to the PSR, the Court will adopt the PSR's and Addendum's factual findings as its own. The Court has also considered the sentencing guideline applications in the PSR. There not being any objections to those, the Court will adopt those as its own as well. The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth. Hernandez' total offense level is 21 with a criminal history category of I, establishing a guideline imprisonment range of 37 to 46 months.

The Court notes that Hernandez possessed with intent to distribute 499 grams of cocaine. The Court has considered the guidelines, but in arriving at its sentence has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline

sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment set forth in the guidelines is appropriate for this sort of offense. The Court then considered the kinds of sentences established by the guidelines and agrees with the parties that a sentence at the low-end of the guideline is appropriate. A sentence of 37-months imprisonment reflects the seriousness of the offense, promotes respect for the law, affords adequate deterrence, protects the public, and avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar crimes. Additionally, because of some of the recommendations that the Court will make to the Bureau of Prisons and because of the conditions of supervised release that the Court will impose, the Court believes that this sentence will provide Hernandez with some needed education, training, and care to avoid a recurrence of this crime in the future.

The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Hernandez to 37-months imprisonment.

**IT IS ORDERED** that the Defendant's Objections to the Pre-Sentence Report, filed August

2, 2011 (Doc. 38), are overruled as moot. The Court will sentence Hernandez to 37-months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Elaine Y. Ramirez
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

>   *Attorneys for the Plaintiff*

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

>   *Attorneys for the Defendant*